CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
OCT 17 2007
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 5:05CR00011 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| ) | |
| DANIEL ALLEN CORBIN ) | By: Samuel G. Wilson |
| ) | United States District Judge |

This case is before the court on Daniel Allen Corbin's motion to return property pursuant to Federal Rule of Criminal Procedure 41(g). Corbin, proceeding pro se, seeks the return of jewelry and coins allegedly seized on September 9, 2004 pursuant to a search warrant.

After Corbin's motion, the United States responded and Corbin then filed a reply. From these responses, it appears the critical facts are not in dispute. The property in question is not now, and apparently never was, in federal custody. The United States filed a supporting affidavit that the United States was never in possession of the jewelry and coins sought by defendant and that if the property was seized it was by the members of the Winchester Police Department who conducted the investigation of Corbin. Corbin concedes the property was seized by the Winchester Police Department and was not retained or used as evidence by the United States.

A motion under Rule 41(g) is proper only if the property is in the possession of the United States. U.S. v. Copeman, 458 F.3d 1070, 1072 (10th Cir. 2006); U.S. v. Oguaju, 107 Fed. App'x 541, 543 (6th Cir. 2004); Okoro v. Callaghan, 324 F.3d 488, 491 (7th Cir. 2003); U.S. v. White, 718 F.2d 260, 261 (8th Cir. 1983). Here, it is agreed that the United States is not in possession of the property; the court, therefore, denies Corbin's motion.

For the foregoing reasons, Corbin's motion to return property pursuant to Federal Rule of Criminal Procedure 41(g) is **DENIED**.

It is so **ORDERED**.

**ENTER**: This October 17th, 2007.

_____
UNITED STATES DISTRICT JUDGE